## Bartholomae & Roesing Brewing and Malting Company, Defendant in Error, v. Chicago Railways Company and Langsman Teaming Company. Langsman Teaming Company, Plaintiff in Error.

### Gen. No. 21,058. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action of tort by Bartholomae & Roesing Brewing & Malting Company, a corporation, plaintiff, against the Chicago Railways Company, a corporation, and Langsman Teaming Company, a corporation, defendants, in the Municipal Court of Chicago, to recover for damages to plaintiff's beer wagon as a result of a collision between another wagon and a street car. To reverse a judgment for plaintiff for $78.60, defendant Langsman Teaming Company prosecutes this writ of error.

The case was tried by the court without a jury, which dismissed the action as against defendant Chicago Railways Company. It appeared that the cause of the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accident was that defendant's wagon, which was standing in rear of plaintiff's wagon, in front of a saloon, attempted to pull out and go round plaintiff's wagon, and in so doing was struck by a street car in such fashion as to throw it against plaintiff's wagon, the impact knocking off certain barrels of beer, with which plaintiff's wagon was loaded, breaking the barrels and causing the beer to leak out.

MEEK & McDONALD, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. TORTS, § 30*—*when evidence sufficient to sustain finding of negligence of joint tort feasor.* In an action against joint defendants to recover for negligent damage to plaintiff's beer wagon and beer, where plaintiff had a finding against one defendant, the court dismissing the action as to the other, the plaintiff need only show, to hold the finding, that some negligent act of the defendant found guilty contributed to the injury.

2. TORTS, § 30*—*when evidence sufficient to sustain finding that negligence of one defendant contributed to injury.* In an action to recover for negligent injury to plaintiff's beer wagon and beer by a collision between another wagon and a street car, in such fashion as to cause such other wagon to be thrown against plaintiff's wagon, damaging it, and causing certain barrels of beer to fall off and be broken, the beer flowing out, evidence *held* sufficient to warrant a finding that negligence on the part of the defendant found guilty contributed to the accident.

3. TORTS, § 23*—*when plaintiff may recover against one or all of joint tort feasors.* In an action for negligence where there are joint tort feasors, plaintiff may recover against one or all of such tort feasors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
        Vol. CXCVIII 33

4. TORTS, § 34*—*when joint tort feasor found guilty estopped to claim that other defendant should have been found guilty.* In an action for negligence where there are two defendants, and the action is tried without a jury, a defendant found guilty is estopped to claim that the court may have erred in not also finding the other defendant guilty, the negligence of such other defendant not excusing negligence on the part of the defendant found guilty.